IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZEFERINO ORTIZ VASQUEZ,

    Petitioner,                             No. 2:09-cv-03141 GEB KJN P

   vs.

MICHAEL MARTEL, Warden, et al.,

    Respondents.                           ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus. By order filed December 8, 2009, the parties were directed to file a joint scheduling statement within thirty days. Petitioner filed a motion for substitution of counsel, which was granted on December 18, 2009, and on January 7, 2010, petitioner filed a motion for sixty day extension of time to comply with the court's prior order. Petitioner's request was granted on January 25, 2010.

        On March 9, 2010, petitioner filed a second request for a sixty day extension of time, which was granted by the undersigned on March 11, 2010.

        On May 7, 2010, petitioner, rather than file a joint scheduling statement, filed a motion to stay this action pending a decision in Holland v. Florida, 539 F.3d 1334 (11th Cir. 2008), *cert. granted*, 78 U.S.L.W. 3206 (U.S. October 13, 2009) (No. 09-5327). In Holland, the

1

1  Supreme Court granted certiorari to determine whether

> "gross negligence" by collateral counsel, which directly results in the late filing of a petition for a writ of habeas corpus, can qualify as an exceptional circumstance warranting equitable tolling, or whether, in conflict with other circuits, the Eleventh Circuit was proper in determining that factors beyond "gross negligence" must be established before an extraordinary circumstance can be found that would warrant equitable tolling.

Holland v. Florida, (Mot. to Stay, Ex. 1).  Petitioner notes that respondents intend to file a motion to dismiss this action based on statute of limitations grounds, but argue this court should refrain from deciding such a motion until such time as the Supreme Court rules on the issue of equitable tolling.  The Supreme Court heard oral arguments in Holland on March 1, 2010.  Id.

On May 21, 2010, respondents filed an opposition to the motion to stay as premature.  Respondents contend the court should first order briefing on the motion to dismiss this action as barred by the statute of limitations.

> AEDPA sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This limitations period is subject to equitable tolling.  See, e.g., Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.2006).  To receive equitable tolling, " '[t]he petitioner must establish two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.' "  Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir.2007) (quoting Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir.2006)).  The petitioner must additionally show that " 'the extraordinary circumstances were the cause of his untimeliness,' " id. (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003)), and that the " 'extraordinary circumstances ma[de] it impossible to file a petition on time,' "  Roy, 465 F.3d at 969 (quoting Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997)).[1]

Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (remand to district court to set forth facts supporting equitable tolling).

---

[1] Calderon v. United States Dist. Court (Beeler) was subsequently overturned by Calderon v. U.S. Dist. Court for Cent. Dist. of California, 163 F.3d 530 (9th Cir. 1998), which was then abrogated by Woodford v. Garceau, 538 U.S. 202 (2003), each on other grounds (petition was not "pending" before district court on effective date of AEDPA).

       Defendants' position is well-taken.  Because no dispositive motion has yet been filed, nor opposition received, this court cannot determine whether <u>Holland</u> will be helpful or availing in the instant action.  Accordingly, plaintiff's motion to stay this action pending <u>Holland</u> will be denied without prejudice.

       Accordingly, IT IS HEREBY ORDERED that:

       1. Petitioner's motion to stay this case pending a decision in <u>Holland v. Florida</u>, 539 F.3d 1334 (11th Cir. 2008), *cert. granted*, 78 U.S.L.W. 3206 (U.S. October 13, 2009) (No. 09-5327), is denied.

       2. Within twenty-one days from the date of this order, counsel shall file a joint scheduling statement that complies with the court's December 8, 2009 order, including a proposed expeditious briefing schedule on defendants' anticipated motion to dismiss.  Failure to timely submit the joint scheduling statement may result in the imposition of sanctions.

DATED:  June 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vasq3141.den