IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZEFERINO ORTIZ VASQUEZ,

    Petitioner,                    No. 2:09-cv-03141 GEB KJN P

    vs.

MICHAEL MARTEL, Warden, et al.,

    Respondents.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 8, 2010, the court directed counsel to file a joint scheduling statement that complied with the court's December 8, 2009 order, including a proposed expedited briefing schedule on respondents' anticipated motion to dismiss. On June 28, 2010, counsel for petitioner filed a document entitled "Joint Scheduling Statement," in which counsel for petitioner noted respondents' counsel was unavailable at the time the joint statement was finalized. On July 1, 2010, respondents filed a motion to dismiss the petition as barred by the statute of limitations.

        On July 7, 2010, counsel for respondents was directed to file a supplemental statement, which was filed on July 7, 2010. On July 21, 2010, petitioner filed a document entitled "Status Report On Opposition to Respondents' Motion to Dismiss Petition for Writ of

Habeas Corpus . . . Motion to Stay Proceedings." (Dkt. No. 31.) On July 22, 2010, respondents filed an opposition to petitioner's July 21, 2010 filing. On July 26, 2010, petitioner filed a response to the opposition to the status report and provided a proposed order.

At bottom, petitioner seeks an order requiring respondents to provide petitioner with copies of all state court records, as well as an extension of time in which to file an opposition to the motion to dismiss. Respondents contend this action is time-barred and production of the state court records is not appropriate or required. Respondents also argue petitioner should not be allowed to file an opposition to the motion to dismiss as it is their position that petitioner fully briefed its opposition in the status report.

This court finds that petitioner has failed to demonstrate why the state court records are necessary to address respondents' motion to dismiss this action as time-barred. There is a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This limitations period is subject to equitable tolling. Holland v Florida, 130 S.Ct. 2549, 2560 (2010). In order to obtain equitable tolling, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. " Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (citation omitted).

Petitioner claims he "promptly sought relief" . . . "once he learned of his trial counsel's failure to follow his instructions and file the notice of appeal." (Dkt. No. 33 at 6.) However, petitioner concedes the first state petition was not filed until June 28, 2007. (Id.) Petitioner has exhaustively briefed his position on the merits of his claim, that is, trial counsel was allegedly ineffective based on his failure to file an appeal as requested by petitioner. Yet petitioner has failed to (a) explain the delay in pursuing his state court remedies, (b) address his diligence in pursuing his rights, or (c) address any extraordinary circumstances that allegedly stood in his way. Moreover, petitioner has failed to demonstrate how or why the requested state court records are relevant to the issue of untimeliness.

Accordingly, petitioner's request to order respondents to provide copies of state court records is denied. Petitioner's July 21, 2010 request to stay this action pending <u>Walker v. Martin</u>, _ S.Ct. _, 2010 WL 621406 (U.S. 2010), is also denied. Respondents' request that petitioner be prohibited from filing an opposition is denied. Petitioner will be granted an extension of time in which to file an opposition to the pending motion to dismiss. No further extensions of time will be granted, nor will any further requests to stay this action be entertained. In light of this order, the September 9, 2010 hearing will be vacated. The motion to dismiss will be submitted for decision once the briefing is completed.

IT IS HEREBY ORDERED that:

1. Petitioner's request for state court records is denied.

2. Petitioner's July 21, 2010 request to stay is denied.

3. Respondents' request that petitioner be prohibited from filing an opposition is denied.

4. The September 9, 2010 hearing is vacated.

5. Petitioner is granted an extension of time in which to file an opposition to the July 1, 2010 motion to dismiss; petitioner shall file an opposition within twenty-one days from the date of this order. Respondents' reply, if any, shall be filed fourteen days thereafter. At that time the motion will stand submitted.

DATED: August 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vasq3141.eot