IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZEFERINO ORTIZ VASQUEZ,

           Petitioner,               No. 2:09-cv-3141 GEB KJN P

   vs.

MICHAEL MARTEL, et al.,         ORDER and

           Respondents.      FINDINGS & RECOMMENDATIONS

_____/

I.  Introduction

        Petitioner is a state prisoner proceeding through counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to dismiss the pending habeas petition as barred by the statute of limitations.  Petitioner has filed an opposition to the motion and respondent has filed a reply.  For the reasons set forth below, the undersigned recommends that respondents' motion be granted.

II.  Statutory Tolling

        As noted by respondents, it is undisputed that the statute of limitations period expired before petitioner filed the instant petition.  However, to assist the court in evaluating petitioner's claim that he is entitled to equitable tolling, the court first addresses the issue of statutory tolling.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted on June 14, 2001, of twenty-six counts of lewd and lascivious acts with a child under the age of fourteen years, twenty-two counts of lewd acts with a child by force, and one count of sodomy.  (Respondents' Lodged Document ("LD") 1.)  On July 20, 2001, petitioner was sentenced to a determinate state prison term of 144 years.  (LD 1.)

2. No appeal of the conviction was filed.

////

////

1    3.  Under the mailbox rule,[1] petitioner filed his first petition for writ of habeas

2  corpus in the Sacramento County Superior Court on June 28, 2007.  (LD 2.)  The petition was

3  denied on August 28, 2007, citing In re Robbins, 18 Cal. 4th 770, 780 (1998).  (LD 3.)

4    4.  On October 5, 2007, petitioner filed a petition for writ of habeas corpus in the

5  California Court of Appeal, Third Appellate District.  (LD 4.)[2]  The petition was denied on

6  February 18, 2009.  (LD 6.)

7    5.  On April 30, 2009, petitioner filed another petition for writ of habeas corpus in

8  the California Court of Appeal, Third Appellate District.  (LD 9.)  The Court of Appeal denied

9  the petition on May 7, 2009.  (LD 10.)

10    6.  Petitioner filed a petition for writ of habeas corpus in the California Supreme

11  Court on May 20, 2009.  (LD 11.)  The California Supreme Court denied the petition on October

12  28, 2009.  (LD 12.)

13    7.  The instant action was filed on November 9, 2009.  (Dkt. No. 1.)

14    As noted above, it is undisputed that no appeal was filed.  Therefore, the July 20,

15  2001 state court judgment became final on September 18, 2001, the final day on which a notice

16  of appeal was due.  Cal. R.Ct. 30.1 (West 2001).  Therefore, the AEDPA statute of limitations

17  period began to run the following day, on September 19, 2001.  Patterson v. Stewart, 251 F.3d

18  1243, 1246 (9th Cir. 2001).  The limitations period ran from September 19, 2001, through

19  September 18, 2002, on which date the limitations period expired.

20  _____

21    [1]  Houston v. Lack, 487 U.S. 266 (1988).  All subsequent dates of filing by petitioner
reflect benefit of the mailbox rule.

22    [2]  On February 8, 2008, the California Court of Appeal issued an order to show cause to
the Sacramento County Superior Court.  (LD 5.)  The Sacramento County Superior Court

23  revisited the issue of ineffective assistance of counsel in connection with defense counsel's
failure to file a notice of appeal on petitioner's behalf, but found petitioner was not diligent in

24  pursuing his rights.  (LD 6.)  "Six years is an extraordinarily long time to wait after
acknowledging twice that [petitioner] understood that the time limit for filing an appeal was 60

25  days."  (Id. at 6.)  Subsequently, petitioner filed a motion for reconsideration in the superior
court.  (LD 7.)  The Sacramento County Superior Court denied the motion, finding petitioner had

26  not provided a sufficient reason to reconsider the ruling.  (LD 8.)

1    On June 28, 2007, petitioner filed his first state habeas petition.  However, by that

2 date, the federal statute of limitations period had expired.  State habeas petitions filed after the

3 one-year statute of limitations has expired do not revive the statute of limitations and have no

4 tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice,

5 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, petitioner's state habeas petitions have no effect

6 on calculation of the limitations period.

7    The instant petition was not filed until November 9, 2009, over seven years after

8 the statute of limitations period expired.  Accordingly, this action is time-barred unless petitioner

9 can demonstrate he is entitled to equitable tolling.

10 III.  Equitable Tolling

11    Petitioner alleges that he is entitled to equitable tolling because he relied on his

12 attorney to file the appeal of petitioner's conviction, but the attorney failed to file the appeal.

13 Petitioner argues he should be entitled to equitable tolling based on his defense attorney's

14 ineffective assistance of counsel because the failure to file the appeal deprived petitioner of the

15 entire appellate process and started the AEDPA one-year statute of limitations to run without

16 petitioner's knowledge.  Petitioner contends that he has limited or no English skills, has a limited

17 education, and has a limited history with the state judicial system.

18    In Holland v. Florida, 130 S.Ct. 2549, 2560, 2562, 2564 (2010), the Supreme

19 Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons"

20 when the petitioner has made a showing of "extraordinary circumstances."  To be entitled to

21 equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently,

22 and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S.

23 408, 418 (2005).  The Ninth Circuit has explained:

24    To apply the doctrine in "extraordinary circumstances" necessarily
     suggests the doctrine's rarity, and the requirement that
25    extraordinary circumstances "stood in his way" suggests that an
     external force must cause the untimeliness, rather than, as we have
26    said, merely "oversight, miscalculation or negligence on [the

4

1    petitioner's] part, all of which would preclude the application of
     equitable tolling.

2

3    Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted),

4    cert. denied, 130 S.Ct. 244 (2009).  It is petitioner's burden to show he is entitled to equitable

5    tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir.

6    2005).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest

7    the exceptions swallow the rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation

8    omitted).

9            The diligence prong in Pace requires the petitioner to show he engaged in

10   reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period

11   was running.  Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable

12   tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of

13   diligence").  The petitioner must also demonstrate that he exercised reasonable diligence in

14   attempting to file his habeas petition after the extraordinary circumstances began, otherwise the

15   "link of causation between the extraordinary circumstances and the failure to file [is] broken."

16   Spitsyn, 345 F.3d at 802.  The "extraordinary circumstances" prong in Pace requires the

17   petitioner to "additionally show that the extraordinary circumstances were the cause of his

18   untimeliness, and that the extraordinary circumstances made it impossible to file a petition on

19   time."  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations

20   omitted).

21           a.  Alleged Barriers

22           Petitioner argues that language, education or other barriers impeded his ability to

23   pursue his rights.  Petitioner provides nothing by way of affidavit to support the claims in the

24   opposition, other than the declarations by petitioner and a fellow inmate, Salvador Mena,

25   appended to the pro se petition.

26   ////

1      The case of <u>Mendoza v. Carey</u> is instructive.  The Ninth Circuit held:

2      [the] combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.

<u>Id</u>., 449 F.3d at 1069.  However, the court then determined the record was insufficient to show whether Mendoza had exercised the requisite diligence and remanded the case to allow the district court to clarify ambiguous facts.  <u>Id</u>., 449 F.3d at 1071 n.6.  The Ninth Circuit stated that "a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."  <u>Id</u>., 449 F.3d at 1070; <u>see</u> <u>also</u> <u>Rodriguez v. Evans</u>, 2007 WL 951820  at *4-5 (N.D. Cal. 2007) (Rodriguez' allegations that he does not speak English and had to get someone to help him prepare his petition[3] were an inadequate basis for equitable tolling because Rodriguez failed to make the detailed showing required by <u>Mendoza</u>.)

      In his petition for writ of habeas corpus, Mendoza "had not provided any explanation for the lengthy delay in filing, other than the allegation that he had been hindered because he speaks Spanish and the prison does not provide Spanish language law books."  <u>Mendoza</u>, 449 F.3d at 1067.  However, in Mendoza's response to the order to show cause, Mendoza provided detailed facts concerning two different prison law libraries, and a declaration concerning his efforts to obtain legal materials in Spanish, to find staff persons who spoke Spanish, and to find inmates who spoke Spanish.  <u>Id</u>. at 1067-68.  Mendoza also filed 47 identical, form declarations signed by Spanish-speaking prisoners, confirming that the prison law libraries had no books in Spanish and no librarians or clerks who spoke Spanish.  <u>Id</u>. at 1068.

---

[3]  In <u>Rodriguez</u>, there was no indication that an assistant or jailhouse lawyer prepared the petition or other pleadings.  <u>Id</u>., at *4 n.3.  Here, petitioner has provided a declaration by another inmate who states he assisted petitioner.  (Dkt. No. 1.)

1         In the instant case, petitioner is a Mexican national who usually speaks and writes

2    in Spanish. (Dkt. No. 40 at 3.)  Petitioner "is not proficient in speaking or writing in English."

3    (Id.)  Petitioner "does not read or write in the English language."  (Id.)  Petitioner "relied on

4    others to assist him."  (Id.)  Indeed, another inmate assisted petitioner in filing the instant

5    petition. (Dkt. No. 1.)  However, unlike Mendoza, petitioner does not allege that despite his

6    diligent efforts he was unable to secure legal materials in his own language or to obtain

7    translation help from other inmates, library personnel or other sources.  The declarations of

8    petitioner and inmate Mena recite no efforts taken to seek legal assistance in Spanish or English.

9    See Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008), cert. denied sub nom. Diaz v. Conway, 129

10   S.Ct. 168 (2008) (in equitable tolling context, a petitioner has "a substantial obligation to obtain

11   assistance to mitigate his language deficiency").[4]  Indeed, it was not until on or about June 14,

12   2007, six years after the June 14, 2001 conviction, that petitioner "asked a fellow inmate, known

13   to assist others, if he would help with [petitioner's] appeal."  (Dkt. No. 1 at 76.)  Petitioner has

14   made no showing of any diligence in obtaining translating and legal assistance between the

15   beginning of the statute of limitations period and June 2007 when he filed his first state petition.

16   Unlike Mendoza, petitioner has failed to identify specific facts that demonstrate it was his

17   language barrier, rather than his lack of diligence, that prevented him from timely pursuing this

18   action.[5]

---

20      [4] In Diaz, the Second Circuit held that prisoners are required to take steps to contact
     someone who speaks their language outside the prison who might assist in learning about the
21   legal requirements for filing a habeas corpus petition, and to make efforts to learn of such
     requirements within their places of confinement to demonstrate diligence for purposes of
22   equitable tolling.  Id.

23      [5] Petitioner's counsel has had sufficient time to develop the basic facts supporting these
     barriers and the element of diligence.  The instant action was filed on November 12, 2009.  On
24   December 18, 2009, present counsel was substituted to represent petitioner.  There was extensive
     briefing on petitioner's motion to stay.  By order filed June 8, 2010, the motion to stay was
25   denied, and the parties were provided specific legal authority governing factual requirements for
     equitable tolling.  (Dkt. No. 24 at 2.)  This authority included the element that petitioner "has
26   been pursuing his rights diligently."  (Id.)  Finally, on August 11, 2010, the court noted that while

1    Although petitioner claims to have a limited education, petitioner fails to explain

2    what education he has, or demonstrate how his education is limited.  Courts have recognized that

3    a low educational level, even to the point of illiteracy, does not automatically entitle an inmate to

4    equitable tolling.  Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (inability to understand

5    English not necessarily a basis for equitable tolling);[6] Turner v. Johnson, 177 F.3d 390, 392 (5th

6    Cir. 1999) (unfamiliarity with the law due to illiteracy not sufficient); Adkins v. Warden, 585

7    F.Supp.2d 286, 298-99 (D.Conn. 2008) (educational deficits).  Without more, this court cannot

8    find that it was petitioner's limited education, rather than his lack of diligence, that prevented

9    him from pursing this action.

10    Petitioner also claims that he does not have an extensive history with the state

11    judicial system and had never appealed a prior criminal case.  However, in Raspberry, the Ninth

12    Circuit joined those Circuits that have held that a pro se petitioner's ignorance of the law and/or

13    lack of legal sophistication does not qualify as an extraordinary circumstance that warrants

14    equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hinton v.

15    Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an

16    insufficient basis to warrant equitable tolling); Fisher v. Ramirez-Palmer, 219 F.Supp.2d 1076,

17    1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary

18    circumstances (citations omitted)."); Sperling v. White, 30 F.Supp.2d 1246, 1254 (C.D.Cal.

19    1998) (citing with approval cases from various circuits rejecting equitable tolling based on

20    petitioner's lack of legal experience or illiteracy).  In ruling on petitioner's state court petition,

21

22    petitioner had briefed his position on the merits, he had failed to (a) explain the delay in pursuing
      his state court remedies, (b) address his diligence in pursuing his rights, or (c) address any
23    extraordinary circumstances that allegedly stood in his way.  (Dkt. No. 39 at 2.)  Petitioner's
      second request for stay was denied, and petitioner was granted an extension of time to oppose the
24    motion to dismiss.  (Id. at 3.)

25    [6]  The court in Cobas ultimately found that the petitioner was not entitled to tolling
      because the petitioner could communicate in English, as evidenced by a 1993 detailed letter to
26    appellate counsel written in English.  See Cobas, 306 F.3d at 444.  No such evidence is before
      this court.

1  the state superior court judge stated, "an inmate does not have to be well-versed in legal practice

2  to have enough curiosity to make an inquiry." (LD 6 at 5.)

3          The state superior court also stated that "[i]t is true that petitioner had limited

4  education, a language problem and lacked understanding of the legal system." (LD 7 at 6.) But

5  even assuming, arguendo, that petitioner suffered from these barriers, petitioner has not

6  demonstrated he was diligent, as this court addresses next.

7          b. <u>Diligence</u>

8          On the facts of this case, the issue of lack of diligence is dispositive. Petitioner

9  argues that "reasonable diligence," not "maximum feasible diligence," is required to demonstrate

10  petitioner is entitled to equitable tolling. (Dkt. No. 40 at 7, citing <u>Holland</u>, 130 S.Ct. at 2565.)

11  However, unlike the instant petitioner, in <u>Holland v. Florida</u>, <u>supra</u>, Mr. Holland "not only wrote

12  his attorney numerous letters," he "also repeatedly contacted the state courts, their clerks, and the

13  Florida State Bar Association." <u>Holland</u>, 130 S.Ct. at 2565. In addition, Mr. Holland filed his

14  federal petition five weeks late; whereas petitioner filed his federal petition over seven years too

15  late.

16          Here, despite the fact that the record reflects petitioner was advised that he had

17  sixty days in which to file an appeal (LD 9), and petitioner stated he understood (LD 3),[7]

18  petitioner took no further action to protect his rights. It appears he did not call or write his

19  attorney, or call or write to any court, even in his native language. Despite petitioner's request to

20  defense counsel that she visit him in the county jail prior to his transfer to state prison to discuss

21  the appeal and other matters, petitioner made no further inquiry of counsel after petitioner was

22  transferred to state prison, and defense counsel failed to visit or otherwise contact petitioner.

23  Even given petitioner's language barrier or lack of education, addressed above, petitioner's

24  failure to take any documented action for over six years after his conviction cannot be construed

25

26          [7] The court notes that the transcript from the sentencing hearing does not reflect that a translator was present. (Dkt. No. 1 at 35-45.)

1   as reasonable diligence.  See Bryant v. Arizona Atty. Gen., 499 F.3d 1056 (9th Cir. 2007)

2   (Bryant made no effort to seek relief between the denial of his last Rule 32 petition in October

3   1994, and the filing of the motion to recall the mandate in March 2000, thus not entitled to

4   equitable tolling.)

5           Petitioner's counsel states, for the first time, that petitioner "inquired as to the

6   status of his appeal on or about the anniversary date of the judgment of conviction."[8]  (Dkt. No.

7   40 at 8.)  Petitioner was convicted on June 14, 2001, so the inquiry allegedly occurred on or

8   about June 13, 2002, over three months before the statute of limitations period expired.  First,

9   petitioner has presented no supporting facts to explain or clarify this conclusory statement.

10  Petitioner has provided no declaration attesting to this alleged inquiry or describing the inquiry.

11  Petitioner has failed to identify to whom this alleged inquiry was made, or the response from the

12  person or entity to whom he made the inquiry.  More importantly, petitioner failed to state what

13  steps he took, if any, either in answer to any response, or in answer to any failure to respond to

14  that inquiry.[9]  Second, petitioner has failed to also explain why he waited another five years

15  before asking another inmate to assist him.  Third, petitioner could have filed a state habeas

16  petition soon after his inquiry on or about June 13, 2002, which would have tolled the federal

17  statute of limitations period, and may have persuaded the state court to allow petitioner to

18

19      [8]  This fact is not included in the petition or in petitioner's declaration submitted with the
    petition. (Dkt. No. 1 at 76-78.)

20      [9]  In the joint scheduling statement filed by petitioner's counsel, petitioner's counsel, in
    evaluating the state court's resolution of petitioner's habeas claims, states that:

21

22          However, the state court does not address trial counsel's role in
            this matter.  Trial counsel is never mentioned and her failure to
            answer or respond to the letter sent to her by petitioner are never
23          addressed.

24  (Dkt. No. 25 at 7.)  In the opposition to the pending motion, petitioner fails to mention any letter
    to trial counsel and does not provide a copy of any letter.  Thus, it is unclear whether the
25  "inquiry" on or about June 13, 2002, was a letter from petitioner to trial counsel.  But if the
    inquiry was a letter to trial counsel, and counsel failed to respond, petitioner should have taken
26  steps, prior to June 2007, to find out if an appeal had been filed.

1   proceed with a late appeal under the circumstances.  As the state superior court judge said:  "If

2   petitioner had been diligent, he may have been entitled to constructive filing of a late appeal."

3   (LD 3.)  Petitioner has not demonstrated he was diligent between June 13, 2002, and September

4   18, 2002, the date the statute of limitations period ran.

5          Petitioner eventually availed himself of the assistance of another inmate in June

6   of 2007.  (Dkt. No. 1 at 20.)  However, petitioner has failed to explain why he was unable to seek

7   the assistance of another inmate after the sixty day appeal period expired and he heard nothing

8   further from his lawyer, or after defense counsel failed to visit him in the jail, or later, after he

9   inquired as to the status of his appeal on or about June 13, 2002.  While conditions of

10  confinement are harsh, prisons have law libraries, litigation coordinators, other staff, other

11  inmates, and jailhouse lawyers, all of which petitioner has failed to demonstrate he availed

12  himself of in a timely manner.  Even in the face of serious mental illness, habeas petitioners are

13  charged with diligently pursuing their rights:  "With respect to the necessary diligence, the

14  petitioner must diligently seek assistance and exploit whatever assistance is reasonably

15  available."  Bills v. Clark, 2010 WL 4968692 (9th Cir. 2010).[10]  Petitioner has failed to

16  demonstrate he timely or diligently sought the assistance that is available in prison.

17         Petitioner makes much of defense counsel's alleged ineffective assistance based

18  on defense counsel's failure to file an appeal as petitioner requested, relying heavily on Roe v.

19

20          [10]  The Ninth Circuit remanded Bills to the district court after stating:

21              to evaluate whether a petitioner is entitled to equitable tolling, the
                district court must:  (1) find the petitioner has made a non-frivolous
22              showing that he had a severe mental impairment during the filing
                period that would entitle him to an evidentiary hearing; (2)
23              determine, after considering the record, whether the petitioner
                satisfied his burden that he was in fact mentally impaired; (3)
24              determine whether the petitioner's mental impairment made it
                impossible to timely file on his own; and (4) consider whether the
25              circumstances demonstrate the petitioner was otherwise diligent in
                attempting to comply with the filing requirements.

26  Bills, 2010 WL 4968692 at *8 (emphasis added).

1   Flores-Ortega, 528 U.S. 470 (2000).[11]  The instant record reflects that petitioner stated he wanted

2   to appeal the judgment, yet no appeal was filed.  (LD 9.)  And, failure to file an appeal if

3   requested by a client is very serious, as explained in Roe.  Id.  However, the Roe decision did not

4   involve the one-year limitations period.  Roe, 528 U.S. 470.  Thus, the Roe decision does not

5   bear upon the relevant issue before the court of whether the petition is time-barred by operation

6   of 28 U.S.C. § 2244(d).

7           For all of the above reasons, this court finds that petitioner has failed to

8   demonstrate he acted diligently in filing his federal petition.[12]  Because of this failure, petitioner

9   is not entitled to equitable tolling.[13]  Respondents' motion to dismiss should be granted.

10  IV.  Evidentiary Hearing

11          Petitioner requests that an evidentiary hearing be conducted to "develop additional

12  facts related to his ability to communicate with his attorney and other efforts that would support a

13  finding that he acted diligently."  (Dkt. No. 40 at 9.)  However, unlike Mendoza, petitioner has

14  failed to provide sufficient facts or other evidence to demonstrate an evidentiary hearing is

15

16      [11]  In Roe, the defense attorney failed to file an appeal.  Id.  Roe attempted to file a notice
    of appeal about four months after sentencing, which was denied as untimely.  Id. at 474.  Roe

17  then sought state habeas relief, which was unavailing.  Id. at 474.  The question posed in Roe was
    "[i]s counsel deficient for not filing a notice of appeal when the defendant has not clearly

18  conveyed his wishes one way or the other?"  Id. at 477.  Addressing the merits of the underlying
    petition, the Supreme Court held that a claim of ineffective assistance of counsel with respect to

19  advice and consultation regarding right to appeal, that is promptly raised by the prisoner, may be
    a basis for habeas relief in the form of permission to file a late appeal.  Roe, 528 U.S. at 484

20  (emphasis added).

21      [12]  In light of this finding, the court need not address the issue of extraordinary
    circumstances.

22      [13]  Even actual innocence claims cannot avoid the statute of limitations bar.  In Lee v.

23  Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010), the Ninth Circuit joined four other circuits in
    holding that "there is no Schlup actual innocence exception to override AEDPA's statute of

24  limitations."  Lee, 610 F.3d at 1136, citing Schlup v. Delo, 513 U.S. 298 (1995).  Although
    petitioner alludes to an "insufficient evidence" claim, on February 18, 2009, the Sacramento

25  County Superior Court Judge noted that:  "Reviving the process six years after sentencing, when,
    as his habeas counsel has acknowledged, petitioner provided a videotaped statement essentially

26  admitting the elements of the charged offenses is particularly inappropriate when petitioner
    waited without explanation to raise his claims."  (LD 6.)

1    warranted.  See Mendoza at 1067-68, 1071 (Mendoza filed detailed declaration and 47

2    declarations by other inmates attesting to lack of Spanish-language materials in the prison library

3    as well as lack of translation assistance.); Tibbs v. Adams, Case No. 2:05-cv-2334 LKK KJM P

4    (Dkt. No. 39) (Tibbs' counsel provided detailed supplemental brief and psychological

5    evaluation.)[14]  Accordingly, petitioner's motion for evidentiary hearing is denied.

6    IV.  Conclusion

7            IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing is

8    denied; and

9            IT IS RECOMMENDED that respondents' July 1, 2010 motion to dismiss (dkt.

10    no. 26) be granted.

11            These findings and recommendations are submitted to the United States District

12    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13    one days after being served with these findings and recommendations, any party may file written

14    objections with the court and serve a copy on all parties.  Such a document should be captioned

15    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

16    objections, he shall also address whether a certificate of appealability should issue and, if so, why

17    and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

18    the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

19    § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after

20    service of the objections.  The parties are advised that failure to file objections within the

21    ////

22    ////

23    ////

24    ////

25

26        [14]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

DATED:  January 21, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vasq3141.mtd

14